8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald REYNOLDS, Plaintiff-Appellant,
v.
Steven SUCKOW, Defendant-Appellee.
 No. 93-35083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 16, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant, Ronald Reynolds, appearing pro se, filed a complaint pursuant to 28 U.S.C. § 1983 against Steven Suckow, a corrections officer at the Washington State Penitentiary in Walla Walla, Washington. Reynolds alleged that Suckow threatened and harassed him in retaliation for Reynolds' use of the prison grievance process. Attached to Reynolds' complaint was evidence of a cell search and minor disciplinary actions taken by Suckow against Reynolds. Reynolds believes that the disciplinary actions and cell search resulted only from Suckow's desire to retaliate against Reynolds.
 
 
 3
 Suckow filed a motion for summary judgment. The magistrate judge granted the motion, finding that Reynolds had failed to demonstrate that Suckow's conduct denied him a right of constitutional magnitude, as required for a section 1983 claim by Parratt v. Taylor, 451 U.S. 527, 532 (1981). The magistrate judge also found that Reynolds raised no issue of fact that the five infractions that Suckow reported over a five month period were related to anything other than the legitimate needs of the correctional institution to maintain discipline and order among the inmates.
 
 
 4
 After a de novo review of the record, we conclude that the magistrate judge correctly decided that this case presents no genuine issues of material fact. Because we agree on the merits, we need not discuss the Attorney General's argument that Reynold's appellate brief does not meet the requirements of Federal Rule of Appellate Procedure 28. See Balistreri v. Pacifica Police Department, 901 F.2d 696, 698-99 (9th Cir.1990) (pro se appellate briefs are liberally construed, particularly where civil rights claims are involved).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3